IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL ERIC COBBLE, GDC #758572, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:19-CV-906-WHA-WC |
| | )              (WO) |
| | ) |
| SUMTER COUNTY JAIL | ) |
| GEORGIA, et al, | ) |
| | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I. INTRODUCTION

Petitioner, an inmate incarcerated in the Sumter County Jail in Americus, Georgia, filed this *pro se* action under 28 U.S.C. § 2241. While the court finds the majority of the petition rambling and unintelligible, Petitioner states that he seeks "to challenge [the] way in which my sentences [are] being carried[.]" Doc. 1 at 1. Upon review of the instant § 2241 petition, one of numerous habeas actions recently filed by Cobble with this court, the Magistrate Judge finds that the petition is due to be dismissed for lack of jurisdiction.

### II. DISCUSSION

A petitioner's challenge to the execution of his sentence is properly considered under 28 U.S.C. § 2241, the general habeas statute. *Williams v. Pearson*, 197 Fed. App'x. 872, 876 (11th Cir. 2006). As a general rule, a 28 U.S.C. § 2241 petition for habeas corpus relief "may be brought only in the district court for the district in which the inmate is

incarcerated." *Fernandez v. United States*, 941 F.2d, 1488, 1495 (11th Cir. 1991); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-495 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds [him] in what is alleged to be unlawful custody."). Although § 2241(d) creates an exception to the exclusive "district-of-confinement" rule — allowing that a state prisoner may, in the alternative, file in the district in which he was convicted and sentenced in state court — a federal district court lacks jurisdiction under §§ 2241(a) and (d) to entertain a state prisoner's habeas petition challenging how his sentence is carried out when the facility in which the prisoner is incarcerated is not within the district of that federal court or when it is not the court of jurisdiction for the district where the prisoner was convicted or sentenced. *See Dobard v. Johnson*, 749 F.2d 1503, 1505-07 (11th Cir. 1985).

Considering the above principles, this court lacks jurisdiction over Petitioner's current § 2241 habeas petition. Petitioner is confined in the Sumter County Jail in Americus, Georgia. As such, the district of confinement for Petitioner is indisputably the Middle District of Georgia. *See* 28 U.S.C. § 90(b)(4). Likewise, Petitioner's conviction record reflects that he is now serving a term of imprisonment on a sentence imposed by a Georgia state court. *See https://dcor.state.ga.us/GDC/Offender* (last visited November 20, 2019). Accordingly, § 2241(d) directs that the only courts with potential jurisdiction to entertain Petitioner's instant habeas petition are federal courts in Georgia. Thus, because this court lacks jurisdiction under § 2241(d), the petition is subject to dismissal, and the

court finds the "interests of justice" do not warrant transfer of this case to a federal court in Georgia.[1]  *See* 28 U.S.C. § 1406(a).

### III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for lack of jurisdiction.  It is further

ORDERED that the parties shall file any objections to this Recommendation on or before December 10, 2019.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

---

[1] The court takes judicial notice of federal court records, *see Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009), and concludes that transfer of this action is not in the "interest of justice" given Petitioner's well-documented "practice of frivolous, vexatious, and duplicative litigation" in the federal courts of Georgia. *See Cobble v. Neeley,* Civil Action No. 1:19-CV-12-LAG-TQL (M. D. Ga. 2019) (Doc. 5) (sanctioning Petitioner from filing civil actions for two years "[i]n light of [his] history of frivolous and vexatious filings [including habeas petitions] and to curb further abuses.").

DONE this 26th day of November, 2019.

                                    /s/ Wallace Capel, Jr.
                                    WALLACE CAPEL, JR.
                                    CHIEF UNITED STATES MAGISTRATE JUDGE